FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JAN 22 PM 2: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 08-147 |
| v. | * | SECTION: "F" |
| TODD KELLY | * | |

\* \* \*

### FACTUAL BASIS

This Factual Basis will summarize evidence that would be adduced at trial in order to prove the essential elements of the offense to which defendant **TODD KELLY** pleaded guilty:

conspiracy to exceed authorized access of a government computer, with a gain to him of less than $5,000, in violation of 18 U.S.C. §§ 1030(a)(2)(B) and (c)(2)(B)(I), all in violation of 18 U.S.C. § 371.

The government would first prove by competent testimonial evidence that the National Crime Information Center (NCIC) is a government data processing facility, which electronically stores, among other things, the criminal histories of individuals. Testimony would establish that access to NCIC information is intended for and confined to only authorized persons for authorized purposes. The NCIC is managed, operated and maintained by the United States Department of Justice, more particularly, the FBI, pursuant to Title 28,

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

Code of Federal Regulations, Section 20.31.

Testimony from management personnel at the St. Tammany Parish District Attorney's Office, Covington, Louisiana, would also prove that Vicky Lynn Munn was, at all times relevant to the indictment, a non-attorney supervisor in that office's worthless checks division and, in connection with her official duties, had access to the NCIC database. She exceeded her authorized access when she ran NCIC criminal history printouts for sale to her co-defendants. There is no evidence, however, to suggest that any of the district attorney's files were compromised.

Additionally, evidence would establish that **TODD KELLY** was a private investigator who operated an entity known as the Barnett Group of New Orleans, and that Charles E. Barnett, Jr. operated the Barnett Group-Product Liability, which also was a private investigative firm. A portion of the work performed by both the Barnett Group of New Orleans and the Barnett Group-Product Liability involved researching and compiling the criminal histories, including NCIC "rap sheets," of various individuals, according to the specific needs of the firms' respective clients.

Both testimonial and documentary evidence would prove that Vicky Lynn Munn conspired with **TODD KELLY** and Charles E. Barnett, Jr., to exceed her authorized access to NCIC information, whereby she utilized the computers at the St. Tammany Parish District Attorney's Office to run NCIC criminal histories, which she then sold to **TODD KELLY** and Charles E. Barnett, Jr., for her personal gain and for their commercial advantage.

On or about the dates enumerated in the Overt Acts section of the indictment that relate expressly to Todd Kelly [TK], Vicky Lynn Munn provided unauthorized NCIC "rap

sheets" to Mr. Kelly, in exchange for money, usually in the form of a check. Evidence would confirm, and the parties further agree, that the amount of money paid by **TODD KELLY** to Vicky Lynn Munn for the reports totaled less than $5,000.

_____
TODD KELLY
Defendant

_____
RICHARD SIMMONS, JR.
Counsel for Defendant

_____
MICHAEL E. MCMAHON   1/22/09
Assistant United States Attorney